UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ELI LILLY AND COMPANY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-1017-SEB-JMS |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| Defendant. | ) | |

## ENTRY ON MOTION TO COMPEL TEVA TO PRODUCE RALOXIFENE IDENTIFIED IN ITS ANDA

This matter is before the magistrate judge on Plaintiff Eli Lilly and Company's ("Lilly") Motion to Compel Teva to Produce Raloxifene Identified in its ANDA (Dkt. # 324). The motion is fully briefed, and being duly advised, the magistrate judge **GRANTS** the motion for the reasons set forth below.

Lilly has requested that Defendant Teva Pharmaceuticals USA, Inc. ("Teva") produce samples of tablets prepared with raloxifene from its biobatch and its commercial scale batches, as well as a limited quantity of blended granulated raloxifene from its commercial scale batches. Teva has refused, resulting in the instant motion. Teva argues that Lilly's discovery request and motion are untimely, and that the samples requested are not relevant to prove infringement.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a party may file a motion to compel discovery when another party fails to respond to a discovery request or responds evasively or inadequately. The Court has broad discretion in resolving discovery disputes. *Meyer v. Southern Pacific Lines,* 199 F.R.D. 610, 611 (N.D.Ill. 2001); see also *Gile v. United Airlines,Inc.,* 95 F.3d 492, 495-496 (7th Cir. 1996)("The district court exercises significant

discretion in ruling on a motion to compel."). Under Rule 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . . " *Fed. R. Civ. P. 26(b)(1)*.

Relevant information does not need to be admissible at trial so long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Chavez v. Daimler Chrysler Corp.,* 206 F.R.D. 615, 619 (S.D.Ind. 2002). For discovery purposes, relevancy is broadly construed to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *TIG Ins. Co. V. Giffin, Winning, Cohen & Bodewes,* 2001 U.S. Dist. LEXIS 12995, 2001 WL 969037, *1 (N.D.Ill. 2001), quoting *Oppenheimer Fund, Inc. V. Sanders,* 437 U.S. 340, 351, 57 L.Ed.2d 253, 98 S.Ct. 2380 (1978). The objecting party bears the burden of showing why a particular discovery request is improper. *Kodish v. Oakbrook Terrace Fire Protection District,* 235 F.R.D. 447, 449-450 (N.D.Ill. 2006).

As the discovery cutoff in this matter was August 11, 2008, Teva claims that Lilly's request is untimely. Lilly asserts it could not have brought its motion any sooner, as Teva delayed in disclosing documents related to the change in its ANDA (which itself was just disclosed in mid-July), and produced documents from July through October. According to Lilly, the most recent discovery has revealed the fragility of Teva's raloxifene product. Lilly argues that because of the implications of that fragility to the determination of infringement, Teva should be compelled to produce the requested samples. Teva counters that Lilly was aware of these issues well before the recent discovery.

Taking Teva's last argument first, one of the documents Teva cites as evidence of Lilly's prior knowledge was produced prior to the change to Teva's product. The other was produced in

July while production of documents concerning the amended ANDA was ongoing.  Indeed, Teva continued to produce documents regarding the change to its raloxifene product for over two months after the close of discovery.  Lilly is entitled to review those documents and conduct whatever discovery may be necessary regarding the new information.  Furthermore, in light of the new development, and the ongoing nature of document production regarding it, Lilly's request is not untimely.

Teva contends Lilly should have filed a motion to reopen discovery.  However, such a motion was unnecessary given that the Court implicitly permitted additional discovery regarding the change in Teva's raloxifene product in its entry for the July 28, 2008 status conference (See Dkt. # 206).  Despite Teva's assertion to the contrary, Lilly's sample request is encompassed by its previous discovery requests.  Even if it were not, again, Lilly is entitled to conduct discovery on this new development.

As for Teva's argument that the samples requested are not relevant to prove infringement, Judge Barker's recent order concerning an extension of the statutory stay is instructive:

> In light of the fact that Teva has recast its product more than eighteen months after it provided the original sample to Lilly and only eight months before trial is set to commence, we find that, in preparation for trial, Lilly is entitled to have a sufficient opportunity to identify the nature and composition of the raloxifene product as Teva intends for it to be sold.

(Dkt. # 337 pg. 5).  Lilly's sample requests are intended to accomplish precisely that: to identify the nature and composition of the raloxifene product as Teva intends for it to be sold.  Further, Lilly previously proposed that Teva stipulate that the raloxifene sample produced to Lilly in December 2006 is the product Teva intends to sell and upon which infringement will be decided, and Teva declined.  Moreover, in response to an interrogatory, Teva could not unequivocally

state that the December 2006 sample is representative of the product Teva intends to sell.  (See Dkt. # 226, Ex. 8).  As the magistrate judge commented at the September status conference, this matter will not be decided based on a hypothetical product.  Therefore, Teva shall provide the samples requested.

For the foregoing reasons, Lilly's Motion to Compel Teva to Produce Raloxifene Identified in its ANDA is **GRANTED**.  Teva shall provide the requested samples within ten calendar days of this order.

**SO ORDERED.**

12/05/2008

Jane Magnus-Stinson
United States Magistrate Judge
Southern District of Indiana

Distribution:

Terri L. Bruksch
BARNES & THORNBURG LLP
tbruksch@btlaw.com

L. Scott Burwell
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
scott.burwell@finnegan.com

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Daniel W. Celander
LOEB & LOEB LLP
dcelander@loeb.com

James Dimos
LOCKE REYNOLDS LLP
jdimos@locke.com

Mark Jeremy Feldstein
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
mark.feldstein@finnegan.com

David S. Forman
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
david.forman@finnegan.com

Adam G. Kelly
LOEB & LOEB, LLP
akelly@loeb.com

Steven J. Lee
KENYON & KENYON
slee@kenyon.com

Charles Edmund Lipsey
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
charles.lipsey@finnegan.com

Alissa Keely Lipton
FINNEGAN, HENDERSON, FARABOW,
GARRETT, & DUNNER,LLP
alissa.lipton@finnegan.com

Steven M. Lubezny
LOEB & LOEB LLP
slubezny@loeb.com

Laura P. Masurovsky
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER, LLP
laura.masurovsky@finnegan.com

Robert Francis McCauley
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
robert.mccauley@finnegan.com

Amy E. Purcell
FINNEGAN, HENDERSON, FARABOW
GARRETT & DUNNER, L.L.P.
amy.purcell@finnegan.com

William Barrett Raich
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER LLP
william.raich@finnegan.com

Edward H. Rice
LOEB & LOEB LLP
erice@loeb.com

Jennifer H. Roscetti
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER L.L.P.
jennifer.roscetti@finnegan.com

Marina N. Saito
LOEB & LOEB LLP
msaito@loeb.com

Julie P. Samuels
LOEB & LOEB LLP
jsamuels@loeb.com

Jordan A. Sigale
LOEB & LOEB LLP
jsigale@loeb.com

Joel E. Tragesser

LOCKE REYNOLDS LLP
jtragesser@locke.com