UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ELI LILLY AND COMPANY,          )<br>                                              )<br>          Plaintiff,                    )<br>                                              )<br>     vs.                                   )          1:06-cv-1017-SEB-JMS<br>                                              )<br>TEVA PHARMACEUTICALS USA, INC., )<br>                                              )<br>          Defendant.                )  | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE**

Defendant, Teva Pharmaceuticals USA, Inc. ("Teva"), filed a Motion to Strike [Docket No. 628] on April 13, 2009, seeking an order to delete a portion of Plaintiff's, Eli Lilly and Company ("Lilly"), brief relating to its request for injunctive relief. The hearing on the motions for a temporary restraining order ("TRO") and a preliminary injunction was consolidated with the bench trial conducted between March 9, 2009, and March 24, 2009, pursuant to Federal Rule of Civil Procedure 65(a)(2). On the opening day of trial, the Court entered a TRO prohibiting Teva from launching its generic raloxifene product in the United States for ten days, subject to extension should Lilly's evidence establish its entitlement to preliminary injunctive relief.

On the second day of trial, Teva informed the Court that it would voluntarily withhold launch of its generic raloxifene product for a period of time following the

completion of the bench trial in order to allow the Court a sufficient opportunity to rule on the preliminary injunction issues. In conjunction with that concession, Teva requested an opportunity to submit supplemental briefing and evidence on the issue of irreparable harm. Based on the parties stipulation, each side would file one supplemental brief: Teva's brief would be filed within five days of the conclusion of the trial and Lilly's brief, five days after Teva's.

Teva's motion to strike is targeted at Section II of Lilly's supplemental brief regarding the issue of likelihood of success on the merits as well as the entirety of Lilly's April 9, 2009, proposed findings of fact and conclusions of law. According to Teva, by addressing issues beyond the sole issue of irreparable harm that Teva raised in its brief, Lilly went beyond the scope of the contemplated agreement. For the reasons detailed below, we GRANT IN PART and DENY IN PART Teva's Motion to Strike.

### I.     Section II of Lilly's Supplemental Brief

Our review of Section II of Lilly's supplemental brief reveals that the arguments made there are essentially duplicative of the arguments on the issue of likelihood of success on the merits that Lilly presented in its original briefing on its motions for preliminary injunctive relief. The only significant difference is that, in its supplemental briefing, Lilly cites to the trial record and exhibits in support of its arguments rather than to the pretrial record. Because Teva had an opportunity to respond both to Lilly's original and renewed motions for preliminary injunction and Lilly presents essentially the same

arguments on likelihood of success on the merits in its supplemental briefing, Teva is not prejudiced by its lack of an opportunity to respond a third time to the same arguments. Accordingly, we DENY Teva's Motion to Strike Section II of Lilly's supplemental brief.

**II.    Lilly's April 9, 2009, Proposed Findings of Fact and Conclusions of Law**

In addition to its supplemental brief, Lilly also filed a 69-page document with proposed findings of fact and conclusions of law in support of its renewed motion for preliminary injunction. The clear understanding between the parties as related to the Court was that the initial post-trial briefings on the injunction would focus solely on the issues of the preliminary injunction and primarily on the issue of irreparable harm that had not previously been briefed by the parties. Docket No. 617 (Day 11 Trial Transcript) at 2125:1-23. Leave was not expressly sought or given to Lilly allowing it to file this lengthy set of findings of fact and conclusions of law in conjunction with this stage of the briefing. Thus, we GRANT Teva's Motion to Strike Lilly's April 9, 2009, proposed findings of fact and conclusions of law for purposes of the Court's consideration of Lilly's renewed motion for preliminary injunction.

However, the document shall be stricken only for that purpose. The Court will allow the document to remain of record as part of Lilly's final proposed findings of fact and conclusions of law on the issues presented at trial, and will consider that submission in conjunction with its final decision(s) on the merits of the case. If necessary, Lilly may file supplemental proposed findings of fact and conclusions of law to these already

submitted according to the previously determined schedule for final post-trial briefings, but Lilly should make a concerted effort not to duplicate its prior filings.

### III. Paragraphs 97-100 of Lilly's April 9, 2009, Proposed Findings of Fact and Conclusions of Law Addressing the Doctrine of Equivalents

Teva contends that Lilly's April 9, 2009, proposed findings of fact and conclusions of law also advances a new theory of infringement that Lilly neither identified in its pretrial papers nor presented at trial, specifically, that Teva infringes Lilly's particle size patents under the doctrine of equivalents. Accordingly, Teva asserts that Lilly should be barred from presenting such a theory at this late juncture and asks the Court to strike for all purposes paragraphs numbered 97 through 100 of Lilly's April 9th submission which address the doctrine of equivalents. Lilly rejoins that Teva knew Lilly was asserting infringement under the doctrine of equivalents because *Teva* discussed the doctrine in *its* Final Contentions.

However, as Teva notes, in AquaTex Industries, Inc. v. Techniche Solutions, 479 F.3d 1320 (Fed. Cir. 2007), the Federal Circuit recently reiterated the patentee's evidentiary burden under the doctrine of equivalents as follows:

> Pursuant to our precedent, *a patentee must . . . provide particularized testimony and linking argument* as to the "insubstantiality of the differences" between the claimed invention and the accused device or process, or with respect to the function, way, result test when such evidence is presented to support a finding of infringement under the doctrine of equivalents. *Such evidence must be presented on a limitation-by-limitation basis*. Generalized testimony as to the overall similarity between the claims and the accused infringer's product or process will not suffice.

4

Id. at 1328 (quoting Texas Instruments, Inc. v. Cypress Semiconductor Corp., 90 F.3d 1558 (Fed. Cir. 1996)).  Lilly has not presented any such particularized testimony or other evidence, either in its pretrial filings or at trial, nor did it set forth a doctrine of equivalents argument in any of its pretrial submissions.  Thus, Lilly cannot be permitted to raise these arguments in such an offhanded fashion as utilized in this case.

Accordingly, we GRANT Teva's Motion to Strike paragraphs numbered 97 through 100 of Lilly's April 9, 2009, proposed findings of fact and conclusions of law for all purposes, as they address the theory that Teva infringes the particle size patents under the doctrine of equivalents.

**IV.   Conclusion**

For the foregoing reasons, we GRANT IN PART and DENY IN PART Teva's Motion to Strike.

IT IS SO ORDERED.

Date:   04/22/2009

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Michael J. Alerding
ALERDING CASTOR LLP
malerding@alerdingcastor.com

Terri L. Bruksch
BARNES & THORNBURG LLP
tbruksch@btlaw.com

L. Scott Burwell
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
scott.burwell@finnegan.com

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Daniel W. Celander
LOEB & LOEB LLP
dcelander@loeb.com

James Dimos
FROST BROWN TODD LLC
jdimos@fbtlaw.com

Mark Jeremy Feldstein
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
mark.feldstein@finnegan.com

David S. Forman
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
david.forman@finnegan.com

Michael J. Freno
KENYON & KENYON LLP
mfreno@kenyon.com

Walter E. Hanley Jr.
KENYON & KENYON LLP
whanley@kenyon.com

Adam G. Kelly
LOEB & LOEB, LLP
akelly@loeb.com

Steven J. Lee
KENYON & KENYON
slee@kenyon.com

Charles Edmund Lipsey
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
charles.lipsey@finnegan.com

Alissa Keely Lipton
FINNEGAN, HENDERSON, FARABOW, GARRETT, & DUNNER,LLP
alissa.lipton@finnegan.com

Steven M. Lubezny
LOEB & LOEB LLP
slubezny@loeb.com

Laura P. Masurovsky
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER, LLP
laura.masurovsky@finnegan.com

Robert Francis McCauley
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
robert.mccauley@finnegan.com

Amy E. Purcell
FINNEGAN, HENDERSON, FARABOW GARRETT & DUNNER, L.L.P.
amy.purcell@finnegan.com

William Barrett Raich
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER LLP
william.raich@finnegan.com

Edward H. Rice
LOEB & LOEB LLP
erice@loeb.com

Jennifer H. Roscetti
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER L.L.P.
jennifer.roscetti@finnegan.com

Marina N. Saito
LOEB & LOEB LLP
msaito@loeb.com

Julie P. Samuels
LOEB & LOEB LLP
jsamuels@loeb.com

Jordan A. Sigale
LOEB & LOEB LLP
jsigale@loeb.com

Christopher C. T. Stephen
ALERDING CASTOR, LLP
cstephen@alerdingcastor.com

Joel E. Tragesser
FROST BROWN TODD LLC
jtragesser@fbtlaw.com